UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY H. MOORE,

                           Petitioner,

      -against-

NEW YORK STATE APPELLATE DIVISION
FOURTH DEPARTMENT; NEW YORK
STATE COURT OF APPEALS; NEW YORK
STATE ATTORNEY GENERAL OFFICE;
NASSAU COUNTY DISTRICT ATTORNEY
OFFICE; CHAUTAUQUA COUNTY ATTORNEY
OFFICE; JUDGE JAMES H. DILLON of
Chautauqua County; and THE SUPERINTENDENT
OF SOUTHPORT CORRECTIONAL FACILITY,

                          Respondents.
-----------------------------------------------------------X
GARY H. MOORE,

                           Petitioner,

      -against-

JUDGE JAMES H. DILLON of Chautauqua
County, Supreme Court of New York,

                         Respondent.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

10-CV-5952 (KAM)

11-CV-0204 (KAM)

MATSUMOTO, United States District Judge:

        Petitioner Gary H. Moore ("petitioner" or "Moore"), currently incarcerated at

Southport Correctional Facility, brings two petitions challenging state court proceedings in

Chautauqua County before this court.  (*See* Docket No. 10-CV-05952, ECF No. 1, Pet. dated Dec.

20, 2010 & ECF No. 2, Aff. of Moore attaching Exs. A-H (collectively "12/20/10 Pet."); Docket

No. 11-CV-00204, ECF No. 1, Pet. dated Jan. 10, 2011 & ECF No. 4, Letter from Moore

attaching Ex. D (collectively "1/10/11 Pet.")).  The first petition is styled as a petition for a writ of

habeas corpus under 28 U.S.C. § 2254; the second petition seeks a writ of mandamus.  For the

reasons stated below, this court has no jurisdiction to grant the requested relief, and both petitions are accordingly dismissed.

## BACKGROUND

### I. Petitioner's Conviction and Filings in State and Federal Courts

Petitioner was convicted in Nassau County on July 28, 1995 of burglary in the second degree, and was sentenced to an indeterminate term of 15 years to life imprisonment. *People ex rel. Moore v. Connolly*, 56 A.D.3d 847, 847-48, 867 N.Y.S.2d 735, 735-36 (3d Dep't 2008). Petitioner has filed multiple appeals and petitions challenging that conviction in state court. *See, e.g.*, *People v. Moore,* 248 A.D.2d 405, 405-06, 669 N.Y.S.2d 638, 638-39 (2d Dep't 1998) (affirming conviction), *further appeal denied*, 698 N.E.2d 967, 91 N.Y.2d 1010, 676 N.Y.S.2d 138 (1998); *People v. Moore*, 38 A.D.3d 683, 683, 830 N.Y.S.2d 665, 666 (2d Dep't 2007) (*error coram nobis* denied); *People ex rel. Moore*, 56 A.D.3d at 847, 867 N.Y.S.2d at 735 (affirming New York Supreme Court, Clinton County's denial of petition for writ of habeas corpus brought pursuant to C.P.L.R. Article 70), *leave to appeal denied*, 12 N.Y.3d 701, 876 N.Y.S.2d 348, 904 N.E.2d 503 (2009); (*see also* 12/20/10 Pet., Ex. C, Affirmation in Opp. to Pet. ¶¶ 3-16 (affirming that petitioner filed six New York Criminal Procedure Law section 440 motions in New York Supreme Court, Nassau County, and filed for a writ of habeas corpus in the New York Supreme Court, Clinton County).) On May 25, 2010, petitioner filed a petition for a writ of habeas corpus with the New York Supreme Court, Chautauqua County. (12/20/10 Pet., Ex. A at 7.) This May 25, 2010 petition will be discussed more fully below.

Petitioner has also filed multiple petitions pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York. *See Moore v. Miller*, No. 99-

CV-6722 (NG), slip op. (E.D.N.Y. Aug. 15, 2000) (petition denied), *appeal dismissed*, Mandate, No. 00-2533 (2d Cir. Nov. 29, 2000); *Moore v. Domelli*, No. 05-CV-5325 (NG), slip op. (E.D.N.Y. Jan. 18, 2006) (transferring petitioner's habeas application to the Second Circuit as second or successive), *certification of successive petition denied*, Mandate, No. 06-0322 (2d Cir. Sept. 26, 2006); *Moore v. Vann*, No. 06-CV-5592 (NG), slip op. (E.D.N.Y. Nov. 16, 2006) (transferring petitioner's habeas application to the Second Circuit as second or successive); *Moore v. Vann,* No. 07-CV-3896 (NG) (E.D.N.Y. Sept. 25, 2007) (transferring petitioner's habeas application to the Second Circuit as second or successive), *certification of successive petition denied*, Mandate, No. 07-4132 (2d Cir. Jan. 23, 2008).

## II. The Instant Petitions

Petitioner currently has two petitions pending before this court, both of which ask this court to intervene in a recent state court action. The first petition, filed December 20, 2010 (the "December 20, 2010 Petition"), is styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and alleges that the New York Supreme Court, Appellate Division, Fourth Department ("Fourth Department") has failed to take "any action" on his New York State Court writ of habeas corpus appeal. (12/20/10 Pet. at 2.) The second petition, filed January 10, 2011 (the "January 10, 2011 Petition"), seeks a writ of mandamus vacating the Chautauqua County court's denial of his New York state court writ of habeas corpus petition. (1/10/11 Pet. at 1-2, 5.)

The facts underlying these petitions are as follows. Petitioner filed a writ of habeas corpus on May 25, 2010 in the New York Supreme Court, Chautauqua County. (12/20/10 Pet., Ex. A at 7.) After a hearing on June 21, 2010, Justice James H. Dillon issued a written decision on June 28, 2010, denying the petition on the ground that it was barred by *res judicata*

and collateral estoppel.  (12/20/10 Pet. at 2 & Ex. A at 7; 1/10/11 Pet. at 2.)  Petitioner argues that

he was denied his right to due process because the written decision did not state any findings of

fact or legal reasoning.  (12/20/10 Pet. at 2-3; 1/10/11 Pet. at 2-3.)  Petitioner attempted to appeal

this decision by mailing an appeal to the Fourth Department.  (12/20/10 Pet. at 5.)  The Fourth

Department notified petitioner, by letters dated July 12, 2010, September 17, 2010, and October

5, 2010, that no notice of appeal was filed in the Chautauqua County Clerk's Office.  (12/20/10

Pet., Ex. D at 19-22.)  Petitioner asserts that the Fourth Department's failure to take action on his

appeal operates as a denial of his rights under the First and Fourteenth Amendments.  (12/20/10

Pet. at 2; 1/10/11 Pet. at 2.)  In order to remedy this violation, the December 20, 2010 Petition

asks this court to grant a writ of habeas corpus and order petitioner's immediate release from

prison.  (12/20/10 Pet. at 2.)  The January 10, 2010 petition for a writ of mandamus asks this court

to order Justice Dillon to vacate his June 28, 2010 order, grant petitioner's state court habeas

petition and either release petitioner from prison or show cause for not doing so.  (1/10/11 Pet. at

1-2, 5.)

## DISCUSSION

This court has no jurisdiction over petitioner's claims and cannot grant the relief he

seeks through either a petition pursuant to 28 U.S.C. § 2254 or a petition for a writ of mandamus.

### I.  December 20, 2010 Petition

The December 20, 2010 Petition is styled as a petition pursuant to 28 U.S.C.

§ 2254.  An individual in state custody pursuant to the judgment of a state court may challenge

the constitutionality of his conviction or sentence through an application in federal court for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254(a), subject to significant procedural requirements,

including time limitations, exhaustion of state remedies, and restrictions on the filing of second or successive petitions. *See* 28 U.S.C. §§ 2254(a), 2254(b)(1), 2244(a)-(b), 2244(d)(1).

Here, petitioner does not appear to challenge the Nassau County judgment that resulted in his incarceration. Instead, he asks this court to compel the Fourth Department to act on his appeal of the Chautauqua County's denial of his petition for a writ of habeas corpus. As will be discussed further *infra*, federal courts do not have mandamus jurisdiction over the operation and proceedings of state courts. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).

To the extent that petitioner intended to challenge his Nassau County conviction, he is barred from doing so, because he has already filed a federal petition challenging that conviction. *See Moore v. Miller*, No. 99-CV-6722 (NG), slip op. (E.D.N.Y. Aug. 15, 2000) (petition denied), *appeal dismissed*, Mandate, No. 00-2533 (2d Cir. Nov. 29, 2000). The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); *see also* 28 U.S.C. § 2244(b)(3)(A). Moreover, petitioner has previously filed successive petitions in this court, which were transferred to the United States Court of Appeals. *See Moore v. Domelli*, No. 05-CV-5325 (NG), slip op. (E.D.N.Y. Jan. 18, 2006), *certification of successive petition denied*, Mandate, No. 06-0322 (2d Cir. Sept. 26, 2006); *Moore v. Vann*, No. 06-CV-5592 (NG), slip op. (E.D.N.Y. Nov. 16, 2006); *Moore v. Vann,* No. 07-CV-3896 (NG) (E.D.N.Y. Sept. 25, 2007), *certification of successive petition denied*, Mandate, No. 07-4132 (2d Cir. Jan. 23, 2008).

Should petitioner wish to challenge the original Nassau County conviction in federal court, he must move in the United States Court of Appeals for the Second Circuit for

permission to pursue this successive petition for habeas corpus relief.  28 U.S.C. § 2244(b)(3)(A);

*see also Torres*, 316 F.3d at 151-52 (citing *Liriano v. United States*, 95 F.3d 119, 121-23 (2d Cir.

1996) (*per curiam*)).  The court does not find that the interests of justice will be served by

transferring this successive petition to the Second Circuit pursuant to 28 U.S.C. § 1631.

## II.  January 10, 2011 Petition

The second petition seeks a writ of mandamus.  However, petitioner provides no

basis for this court to grant his request for mandamus relief against state judicial officers.  Title 28

of the United States Code, Section 1361 provides that "[t]he district courts shall have original

jurisdiction of any action in the nature of mandamus to compel an officer or employee of the

United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

That provision does not authorize an action to compel a state or state officials to perform a

particular duty.  *See Davis*, 851 F.2d at 74 ("The federal courts have no general power to compel

action by state officials."); *Reyes v. New York*, No. 08-CV-1679 (DLI), 2008 WL 2120783, at*1

(E.D.N.Y. May 19, 2008) ("By its terms, the federal mandamus statute does not apply to an action

to compel a state or state officials to perform a particular duty." (quoting *Lebron v. Armstrong*,

289 F. Supp. 2d 56, 58 (D. Conn. 2003) (internal quotation marks omitted))).  This court has no

jurisdiction to compel a state court to vacate an order or to consider an appeal.  Accordingly,

petitioner's request for mandamus relief is denied.

## CONCLUSION

As this court has no jurisdiction over the state court proceedings and as petitioner

has filed prior petitions under 28 U.S.C. § 2254 challenging the same conviction, petitioner's

requests for habeas corpus and mandamus relief are denied in the above-captioned actions and

both petitions are accordingly dismissed. The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the court's Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to send a copy of this Memorandum and Order to the petitioner, note the service on the dockets of both actions, enter judgments of dismissal, and to close the cases.

**SO ORDERED.**

Dated: February 17, 2011
      Brooklyn, New York

                                   /s/
                                KIYO A. MATSUMOTO
                                United States District Judge